1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiffs

7

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11  CHARLES SHALL and                )   No. _____
    URSULA SHALL,                    )
12                                   )
              Plaintiffs,            )   COMPLAINT FOR ASBESTOS
13                                   )   PERSONAL INJURY/ PRODUCTS
    vs.                              )   LIABILITY/ LOSS OF CONSORTIUM;
14                                   )   DEMAND FOR JURY TRIAL
    FOSTER WHEELER LLC (FKA FOSTER   )
15  WHEELER CORPORATION),            )
                                     )
16            Defendant.             )
    _____)

17

18                                    I.

19                                 PARTIES

20       1.       Plaintiff in this action, CHARLES SHALL, has sustained asbestos-related lung

21  injuries as a result of his inhalation of asbestos fibers through his occupational exposure to

22  asbestos.  Plaintiff, URSULA SHALL, has sustained loss of consortium as set forth in the Third

23  Cause of Action.

24       2.       Plaintiff CHARLES SHALL sustained an asbestos-related lung disease by the

25  inhalation of asbestos fibers released during the handling of asbestos-containing products at

26  Plaintiff's jobsites.

27       3.       The pathogenesis of Plaintiff CHARLES SHALL's asbestos-related diseases is

28  explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

4.     All of Plaintiffs' claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff CHARLES SHALL's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff CHARLES SHALL, resulting in cumulative, progressive, incurable lung diseases.

5.     Plaintiff CHARLES SHALL claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6.     As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff CHARLES SHALL.

7.     Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8.     <u>Jurisdiction</u>: Plaintiff CHARLES SHALL is a citizen of the State of Michigan.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | Delaware/New Jersey |

///

///

1   This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action

2   between citizens of different states in which the matter in controversy exceeds, exclusive of costs

3   and interest, seventy-five thousand dollars.

4   9.   Venue / Intradistrict Assignment. Venue is proper in the Northern District of

5   California and assignment to the San Francisco Division of said district is proper.  Defendants

6   are subject to jurisdiction in this district at the time the action is commenced.

7   **III.**

8   **CAUSES OF ACTION**

9   FIRST CAUSE OF ACTION
    (Negligence)

10

11   PLAINTIFF CHARLES SHALL COMPLAINS OF DEFENDANTS FOSTER

12   WHEELER LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE

13   ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE

14   ALLEGES:

15   10.   At all times herein mentioned, each of the named defendants was the successor,

16   successor in business, successor in product line or a portion thereof, assign, predecessor,

17   predecessor in business, predecessor in product line or a portion thereof, parent, holding

18   company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

19   or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

20   designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

21   supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

22   representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

23   warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

24   otherwise directing and/or facilitating the use of, or advertising a certain product, namely

25   asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be

26   called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious

27   ///

28   ///

1   conduct of each successor, successor in business, successor in product line or a portion thereof,

2   assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

3   venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

4   entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

5   designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

6   sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

7   rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

8   products containing asbestos.  The following defendants, and each of them, are liable for the acts

9   of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

10  destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

11  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

12  ENTITY; defendants, and each of them, caused the destruction of Plaintiff's remedy against each

13  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

14  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

15  originally attached to each such ALTERNATE ENTITY:

16  DEFENDANT                          ALTERNATE ENTITY

17  FOSTER WHEELER LLC                 FOSTER WHEELER CORPORATION

18      11.   At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

19  each of them, were and are engaged in the business of researching, manufacturing, fabricating,

20  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

21  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

22  promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

23  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

24  otherwise directing and/or facilitating the use of, or advertising a certain product, namely

25  asbestos and other products containing asbestos.

26      12.   At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

27  each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

28  fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the Plaintiff herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by "exposed persons".

13. Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

14. Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including Plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

15. Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products is on current information as set forth at ///

various locations and circumstances in **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

16.     As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the Plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and incorporated by reference herein.

17.     Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

18.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

19.     As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

20.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

21.     As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature

1    and extent of which are not yet known to Plaintiff; and leave is requested to amend this

2    complaint to conform to proof at the time of trial.

3        22.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

4    directors and managing agents participated in, authorized, expressly and impliedly ratified, and

5    had full knowledge of, or should have known of, each of the acts set forth herein.

6        23.    Defendants, their "alternate entities," and each of them, are liable for the

7    fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

8    and each defendant's officers, directors and managing agents participated in, authorized,

9    expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

10   each of their ALTERNATE ENTITIES as set forth herein.

11       23.    The herein-described conduct of said defendants listed in this paragraph below,

12   their "alternate entities," and each of them, was and is willful, malicious, fraudulent, outrageous

13   and in conscious disregard and indifference to the safety and health of "exposed persons."

14   Plaintiff, for the sake of example and by way of punishing said defendants, seeks punitive

15   damages according to proof against the following defendant only:  FOSTER WHEELER LLC

16   (FKA FOSTER WHEELER CORPORATION).

17       WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and

18   each of them, as hereinafter set forth.

19   SECOND CAUSE OF ACTION<br>(Products Liability)

20

21       AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

22   ACTION FOR PRODUCTS LIABILITY, PLAINTIFF CHARLES SHALL COMPLAINS OF

23   DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),

24   THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AS FOLLOWS:

25       24.    Plaintiff incorporates herein by reference, as though fully set forth herein, the

26   allegations contained in each paragraph of the First Cause of Action herein.

27       25.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended

28   that the above-referenced asbestos and asbestos-containing products would be used by the

1  purchaser or user without inspection for defects therein or in any of their component parts and

2  without knowledge of the hazards involved in such use.

3      26.    Said asbestos and asbestos-containing products were defective and unsafe for their

4  intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death.

5  The defect existed in the said products at the time they left the possession of defendants, their

6  "alternate entities," and each of them.  Said products did, in fact, cause personal injuries,

7  including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff

8  herein, while being used in a reasonably foreseeable manner, thereby rendering the same

9  defective, unsafe and dangerous for use.

10      27.    "Exposed persons" did not know of the substantial danger of using said products.

11  Said dangers were not readily recognizable by "exposed persons."  Said defendants, their

12  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

13  which Plaintiff and others similarly situated were exposed.

14      28.    In researching, manufacturing, fabricating, designing, modifying, testing or failing

15  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

16  sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

17  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

18  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

19  did so with conscious disregard for the safety of "exposed persons" who came in contact with

20  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

21  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or

22  death resulting from exposure to asbestos or asbestos-containing products, including, but not

23  limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,

24  from scientific studies performed by, at the request of, or with the assistance of, said defendants,

25  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

26  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

27      29.    On or before 1930, and thereafter, said defendants, their ALTERNATE

28  ENTITIES and each of them, were aware that members of the general public and other "exposed

1  persons", who would come in contact with their asbestos and asbestos-containing products, had

2  no knowledge or information indicating that asbestos or asbestos-containing products could

3  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

4  members of the general public and other "exposed persons", who came in contact with asbestos

5  and asbestos-containing products, would assume, and in fact did assume, that exposure to

6  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

7  hazardous to health and human life.

8       30.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

9  of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

10  lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

11  market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

12  asbestos-containing products without attempting to protect "exposed persons" from or warn

13  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

14  asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn

15  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

16  asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

17  intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

18  and suppressed said knowledge from "exposed persons" and members of the general public, thus

19  impliedly representing to "exposed persons" and members of the general public that asbestos and

20  asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

21  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

22  representations with the knowledge of the falsity of said implied representations.

23       31.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

24  and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

25  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

26  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

27  sale, inspection, installation, contracting for installation, repair, marketing, warranting,

28  rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-

containing products. In pursuance of said financial motivation, said defendants, their ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including Plaintiff.

32.     Plaintiff alleges that the aforementioned defendants, their ALTERNATE ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing products to be safe for their intended use but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

33.     Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos and various asbestos-containing products manufactured, fabricated, inadequately researched, designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised by the aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff cannot identify precisely which asbestos or asbestos-containing products caused the injuries complained of herein.

34.     Plaintiff relied upon defendants', their "alternate entities'", and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has been injured permanently as alleged herein.

35.     As a direct and proximate result of the actions and conduct outlined herein, Plaintiff has suffered the injuries and damages previously alleged.

WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

///

///

///

### THIRD CAUSE OF ACTION
(Loss of Consortium)

AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF URSULA SHALL COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

36.     Plaintiffs incorporate by reference each and every paragraph of the First through Second Causes of Action herein.

37.     Plaintiffs CHARLES SHALL and URSULA SHALL were married on September 29, 2012, and at all times relevant to this action were, and are now, husband and wife.

38.     Prior to Plaintiff CHARLES SHALL's injuries as alleged, he was able and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, CHARLES SHALL has been unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and he will be unable to perform such work, service and duties in the future.  As a proximate result thereof, Plaintiff URSULA SHALL has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

39.     Plaintiff's discovery of the cause of her loss of consortium, as herein alleged, first occurred within one year of the date this complaint was filed.

40.     As a direct and proximate result of the acts of defendants, their "alternate entities," and each of them, and the severe injuries caused thereby to Plaintiff CHARLES SHALL as set forth in this complaint, Plaintiff URSULA SHALL has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

## IV.

## PRAYER

WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE ENTITIES, and each of them in an amount to be proved at trial, as follows:

Plaintiff CHARLES SHALL:

(a)     For Plaintiff's general damages according to proof;

(b)     For Plaintiff's loss of income, wages and earning potential according to proof;

(c)     For Plaintiff's medical and related expenses according to proof;

Plaintiff URSULA SHALL:

(d)     For Plaintiff's damages for loss of consortium according to proof;

Plaintiffs CHARLES SHALL and URSULA SHALL:

(e)     For Plaintiffs' cost of suit herein;

(f)     For exemplary or punitive damages according to proof against defendant FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), only;

(g)     For damages for fraud according to proof; and

(h)     For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest.

Dated: ___8/25/14___                    BRAYTON❖PURCELL LLP

By: _____
David R. Donadio, Esq., S.B. #154436
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues of this cause.

Dated: ___8/25/14___                    BRAYTON❖PURCELL LLP

By: _____
David R. Donadio, Esq., S.B. #154436
Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

1    EXHIBIT A

2    <u>Plaintiff</u>: CHARLES SHALL

3

4    <u>Plaintiff's injuries</u>: Plaintiff was diagnosed with mesothelioma on or about February 2014.

5

6    <u>Retirement Status</u>:

7    Plaintiff retired from his last place of employment at regular retirement age. He has therefore

8    suffered no disability from his asbestos-related disease as "disability" is defined in California

9    Code of Civil Procedure § 340.2.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | <u>ALLAGASH</u> (AO-97) | Machinist Mate | 11/1949-2/1950 |
|  |  | Metalsmith | mid 1950- 1951 |
|  | Boston Naval Shipyard Boston, MA |  |  |
| U.S. Navy | U.S. Naval Station Metalsmith School Norfolk, VA | Metal smith (Student) | 1950 (12 weeks) |
| U.S. Navy | <u>DIONYSUS</u> (AR- 21) | Metal smith | 1951-7/13/1955 |
|  | Charleston Naval Shipyard Charleston, SC |  |  |
|  | U.S. Navy Yard Orange, TX |  | 7/1/1955- 7/13/1955 |
| Pontiac Fisher Body Shop Pontiac, MI PFBSPO | Pontiac Fisher Body Shop Pontiac, MI | Machinist (Tool & Die) | 1955- early 1960's |
|  |  | Machinist (Supervisor) | late 1970's-1988 |

25    <u>NON OCCUPATIONAL EXPOSURE</u>:

26    HOME REMODEL: In the early 1970's plaintiff remodeled the interior of his home in Clarkston, Michigan. In the mid-1970's plaintiff plaintiff remodeled the interior of his home at 979 Old

27    Mackinaw Road, Cheboygan, Michigan, and replaced the roof. Plaintiff applied and sanded asbestos containing GOLD BOND (ASBESTOS CLAIMS MANAGEMENT CORPORATION)

28    and UNITED STATES GYPSUM (UNITED STATES GYPSUM COMPANY) joint compounds purchased from CHEBOYGAN LUMBER, Huron Street, Cheboygan, Michigan.